IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

VICTORIA G. RABENSTINE,

        Plaintiff,

v.                                Civil Action No. 4:14cv78

NATIONAL ASSOCIATION OF STATE
BOATING LAW ADMINISTRATORS, INC.,
JAMES HAGAN, and
STATE OF LOUISIANA, through the
DEPARTMENT OF WILDLIFE & FISHERIES,

        Defendants.

## OPINION & ORDER

This matter was before the Court upon Plaintiff's Motion to Remand to State Court, Doc. 12, and Motion for Extension Pursuant to Rule 16(b) Scheduling Order, Doc. 19. A hearing was held on January 15, 2015. Ruling from the bench, the Court **DENIED** the Motion to Remand, **GRANTED** the Motion for Extension, and now issues this Opinion and Order explaining its reasoning.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### a. Factual Background

This is a personal injury action arising out of a boating accident, brought "under the general maritime and tort laws of the United States as well as any other applicable law of the Commonwealth of Virginia." Compl. ¶ 1. Plaintiff Victoria Rabenstine ("Plaintiff" or "Rabenstine") is a resident of Virginia. Id. ¶ 2. There are three defendants in this action:

Defendant National Association of State Boating Law Administrators, Inc. ("NASBLA")[1];
Defendant James Hagan ("Hagan"), a foreign citizen; and Defendant State of Louisiana, through
the Department of Wildlife & Fisheries ("Louisiana").  Id. ¶¶ 3–4.    Rabenstine was a student in
a "Tactical Operator's Course," in which Defendant Hagan was an instructor.  Id. ¶¶ 6–8.
Defendant Hagan is alleged to be an agent or servant of Defendants NASBLA and Louisiana.  Id.
¶ 8.  Rabenstine was injured in a boating accident on May 21, 2012, which she alleges was caused
by Defendants' negligence.  Id. ¶ 9.  The accident occurred on the James River near Craney
Island, which is alleged to be a navigable water.  Id. ¶ 7.

  b.  **Procedural Background**

On May 12, 2014, Plaintiff filed her Complaint in the Circuit Court for the City of Newport
News ("Circuit Court").  Compl.  On June 11, 2014, Defendant NASBLA filed in the Circuit
Court its answer and plea in bar.  Doc. 1, Ex. C.  On June 26, 2014, Defendant Louisiana filed its
answer and plea in bar in the Circuit Court.  Doc. 1, Ex. D.   On June 27, 2014, Defendant
Louisiana removed the action to this Court.  Doc. 1.  In its notice of removal, Defendant
Louisiana asserted diversity jurisdiction as the grounds for removal.  Doc. 1 at 3.  Defendant
Hagan filed its answer in this Court on July 3, 2014.  Doc. 5.

The Rule 16(b) Order in this case was entered on September 30, 2014.  Doc. 11.  Trial is
set to commence on May 12, 2015.  Id.

On October 31, 2014, Plaintiff filed the instant Motion to Remand.  Doc. 12.  Defendant
Louisiana filed its opposition on November 13, 2014.  Doc. 15.  Defendant NASBLA joined
Defendant Louisiana's opposition on November 14, 2014.  Doc. 16.  Plaintiff filed her reply brief

---

[1] The Complaint alleged that NASBLA is a corporation registered in Virginia.  Compl. ¶ 2.  The Notice of Removal alleged that NASBLA is a citizen of Kentucky.  Doc. 1 at 3.  As will be explained below, this Court does not have diversity jurisdiction, and thus this dispute over NASBLA's citizenship is not relevant to the Motion to Remand.

on November 17, 2014.   Doc. 17.

On January 12, 2015, Plaintiff also filed a Motion for Extension Pursuant to Rule 16(b) Scheduling Order.   Doc. 19.   Plaintiff also submitted a letter to the Court, indicating the she desired a continuance of the trial date.   Doc. 18.

## II.   LEGAL STANDARD

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."   A defendant may remove a state court action to federal court only if it originally could have been filed by the plaintiff in federal court.   Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441).   When analyzing a motion to remand, significant federalism concerns require the court to construe the removal statute strictly against removal. Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 784 (E.D. Va. 2007). The burden of establishing federal jurisdiction is thus placed upon the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).   "If federal jurisdiction is doubtful, a remand is necessary."   Mulcahey, 29 F.3d at 151.

The time to bring a motion to remand is governed by 28 U.S.C. § 1447.   "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."   28 U.S.C. § 1447(c).   If remand is appropriate, the Court has the discretion to award attorney's fees and costs. Id.

### III.  ANALYSIS

Plaintiff moved the Court to remand this case back to the Circuit Court because "this case presents no federal question, no federal claims, and diversity of citizenship and satisfaction of the amount in controversy provides the basis of jurisdiction in this Court."  Doc. 14 at 5.  Plaintiff argued that this action was not removable because a state is not a citizen for purposes of diversity jurisdiction, and the only basis for jurisdiction contained in the notice of removal was diversity jurisdiction.  Id. at 6.  Plaintiff also asked for attorney's fees and costs in bringing this motion. Doc. 14 at 11–12.

Defendant Louisiana conceded that it erred in removing this action on the basis of diversity jurisdiction.  Doc. 15 at 7.  However, Defendants argued that this Court does have maritime jurisdiction over this action.  Id. at 9.  Thus, according to Defendants, Plaintiff's motion was untimely because it is attacking a procedural defect in removal, and was not brought within 30 days of removal.  Id. at 9–13.

The parties are correct that a State is not a citizen for purposes of diversity jurisdiction. South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc., 535 F.3d 300, 303 (4th Cir. 2008).  Moreover, Plaintiff filed this motion almost four months after Defendant Louisiana filed its notice of removal, well in excess of the 30-day time period prescribed by 28 U.S.C. § 1447.  Thus, the first issue before the Court was whether Plaintiff waived her objection to the defect in the notice of removal by untimely filing her motion to remand.

#### a.  Waiver of Objection Based on the Defective Notice of Removal

Plaintiff argued that the original notice of removal was defective for asserting diversity jurisdiction, and that this case was not removable.  Defendants argued that Plaintiff waived any objection to the defective notice of removal by untimely filing her motion.  Doc. 15 at 9.

–4–

Historically, under the savings for suitors clause of 28 U.S.C. § 1331(1), general maritime cases filed in state court were not removable absent independent grounds for federal jurisdiction. Lewis v. United States, 812 F. Supp. 620, 622 (E.D. Va. 1993).   However, with the passage of the Jurisdiction and Venue Clarification Act of 2011, a minority of courts have ruled that maritime claims are now removable to federal court.   See, e.g., Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013) (finding maritime cases now removable).   However, this Court recently adopted the majority approach, which holds that these amendments do not make maritime cases removable.   A.E.A. ex. rel. Angelopoulous v. Volvo Penta of the Americas, LLC, __ F. Supp. 3d __, 2015 WL 128055, at *6–7 (E.D. Va. Jan. 9, 2015).   Thus, because Louisiana is not a citizen for purposes of diversity jurisdiction, this case should not have been removed in the first instance, as there is no independent basis for federal question jurisdiction.   Id. at *5 ("a defendant may only remove a case in which an in personam maritime claim is brought when the case includes an independent ground for federal jurisdiction.").

Defendants, countered, however, that regardless of the Court's decision in Angelopoulous, this Court should not remand the case because the improper assertion of diversity jurisdiction in the notice of removal constituted a mere procedural defect, and that because this Court has maritime jurisdiction, Plaintiff waived her objection to the defect by filing an untimely motion to remand.   Defendants stated that the Fourth Circuit has not decided this precise issue, and the Court was also unable to find a case from the Fourth Circuit addressing this issue.   The Fourth Circuit, however, has noted that the removal statue "allows a district court to remand based on: (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed."   In re Norfolk Southern Ry. Co., 756 F.3d 282, 287 (4th Cir. 2014)

(quoting Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008)) (internal quotation marks omitted).

Defendants pointed to numerous courts outside the Fourth Circuit that have found that the plaintiff waives any objection to the improper removal of a maritime claim if a motion to remand is not filed within the 30-day window.   See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir. 2001) ("the district court's removal jurisdiction is not destroyed where the plaintiff fails to seek remand … of claims falling within the court's admiralty jurisdiction."); Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1544–45 (5th Cir. 1991) ("the word 'procedural' in section 1447(c) refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter jurisdiction."); Dao v. Knightsbridge Intern. Reinsurance Corp., 15 F. Supp. 2d 567, 571 (D.N.J. 1998) (holding that because plaintiff's "claims could have been initially filed in federal court under the Court's admiralty jurisdiction … no remand is appropriate.").   The logic of these cases focuses on the fact that even though removal was defective in that the case should not have been removed, the Court still maintained subject matter jurisdiction because the case could have been brought in federal court.  See, e.g., Baris, 932 F.2d at 1554 ("The motion to remand must be made within 30 days after removal, if the objections are of a character than can be waived, such as formal and modal matters pertaining to the procedure for removal or the non-removability of a proceeding otherwise within federal jurisdiction.") (citation omitted).

These cases are consistent with others from the Fourth Circuit and this Court.   For example, the Fourth Circuit has held that a party must object within 30 days under 28 U.S.C. § 1445(c), which prohibits removal of worker's compensation cases.   Wiley v. United Parcel Service, Inc., 11 F. App'x 176, 178 (4th Cir. 2001) (per curiam); see also Lewis v. Langenfelder &

Son, Inc., No. 2:01cv804, 2003 U.S. Dist. LEXIS 20164, at *14 (E.D. Va. May 2, 2003) ("Courts have held that the prohibition on removing claims premised on statutes listed in 28 U.S.C. § 1445, such as the Jones Act and FELA, is a procedural issue, not a jurisdictional one.") (internal quotation marks omitted). Moreover, as the Fourth Circuit recently explained in In re Norfolk Southern, the term defect in § 1447 "'refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–53.'" In re Norfolk Southern, 756 F.3d at 292 (quoting Kamm v. ITEX Corp., 568 F.3d 752, 755 (9th Cir. 2009). Accordingly, the improper removal of a FELA claim under 28 U.S.C. § 1445(a) is a "'defect other than lack of subject matter jurisdiction' within the meaning of § 1447(c)." Id.

This same reasoning applies to the improper removal of a maritime claim. The savings for suitors clause gives Plaintiff the choice of a federal or state forum, yet the Court has subject matter jurisdiction over maritime claims. Here, Plaintiff failed to timely object to the improper removal, and this constitutes a waiver of her objection to the defective notice of removal. The Court's opinion in Angelopoulous does not change this analysis. Therefore, the Court found that Plaintiff waived her objection to the defective notice of removal.[2]

**b.    Subject-matter jurisdiction**

Plaintiff's waiver of her objection to the defective notice of removal did not end the inquiry, as she could not waive an objection to subject matter jurisdiction. Defendants argued that the Court has maritime jurisdiction because the accident occurred on navigable waters and the

---

[2] Although not argued by Plaintiff, the Court observed that two of the Defendants filed pleas in bar in the state court prior to removal. While filing a demurrer alone is normally not sufficient to waive the right to remove, waiting for the state court to decide the demurrer can amount to a waiver of removal. See Drexler v. Inland Mgmt. Corp., 509 F. Supp. 2d 560, 562 (E.D. Va. 2007) (collecting cases). A plea in bar is similar to a demurrer. In this instance, it does not appear that the state court acted on the pleas in bar. Moreover, Plaintiff failed to timely object on this basis, and thus waived this argument to the same extent she waived her objection to the notice of removal reciting diversity jurisdiction.

–7–

accident bears a sufficient relationship to maritime commerce and traditional maritime activity. Doc. 15 at 13–17.  Plaintiff argued that this Court does not have jurisdiction because the accident lacks a sufficient connection to maritime commerce or traditional maritime activity.  Doc. 17 at 16.

28 U.S.C. § 1333(1) gives federal courts jurisdiction over admiralty claims.  In order for a tort claim to give rise to federal admiralty jurisdiction, the claim must satisfy two tests, one of location and one of connection.  Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).  Under the location test, the Court "must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water."  Id.  The connection test raises two issues for the Court to consider:  first, "whether the incident has a potentially disruptive impact on maritime commerce," and second, "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity."  Id. (internal quotation marks and citations omitted). The parties agree that the location test is satisfied in this case, as the James River is "currently being used as a highway of commerce[.]"  See Price v. Price, 929 F.2d 131, 134 (4th Cir. 1991).

The parties dispute whether the connection test is satisfied in this case.  Defendants argue the first part of the test is met because Plaintiff's injuries stemmed from the alleged errors in the navigation of a vessel, which has been held by the Fourth Circuit to fall within the connection test. Doc. 15 at 16.  Plaintiff argues, however, that Plaintiff's alleged injuries do not have enough of a nexus to commercial shipping so as to fall within the connection test.  Doc. 17 at 17.

In looking at the potential effects on maritime commerce, the Court should not look to "the specific facts at hand but on whether the 'general features' of the incident were 'likely to disrupt commercial activity.'"  Grubart, 513 U.S. at 538 (quoting Sisson v. Ruby, 497 U.S. 358, 363

(1990)). Thus, the accident should be described "at an intermediate level of possible generality." Grubart, 513 U.S. at 538. Put another way, the Court should ask whether the accident "could be seen within a class of incidents that posed more than a fanciful risk to commercial shipping." Id. "The correct characterization of the rule is simply whether the incident has a potential impact on maritime commerce." Wild v. Gaskins, No. 4:13cv70, 2013 WL 6048915, at *2 (E.D. Va. Nov. 14, 2013).

Plaintiff made the following allegations concerning the accident: that the vessel was operated too fast; that Defendants improperly directed the operation and navigation of the vessel; that Defendants failed to adequately inspect the vessel and insure proper operation of the vessel; that Defendants failed to assess the operator's skill in operating the vessel; and that Defendant directed the operation of the vessel in an improper manner. Compl. ¶ 9. In Price, the Fourth Circuit found that allegations of excessive speed and errors in navigation related to a traditional maritime activity. Price, 929 F.2d at 136.

In Wild, this Court found that mere allegations of negligent operation of a vessel were insufficient to satisfy the first prong of the connection test in a "slip and fall" case. Wild, 2013 WL 6048915, at *3. In Wild, the plaintiff failed to allege navigational error, and thus Price did not apply. Id.

Here, Plaintiff does allege navigational error, along with excessive speed and negligent operation of the vessel. Thus, this case is more like Price than Wild.

While in her brief Plaintiff agreed that the second part of the connection test was satisfied, at the hearing she argued that there was not a sufficient nexus to traditional maritime activity. However, in her complaint, Plaintiff alleges negligent operation of the vessel, which does bear a significant relationship to traditional maritime activities. See Oliver by Oliver v. Hardesty, 745

F.2d 317, 320 (4th Cir. 1984) ("The negligent operation of the defendant's vessel bears a significant relationship to traditional maritime activities.").

Accordingly, the Court has maritime jurisdiction over this action, and thus DENIED the Motion to Remand.[3]

### D.    Motions for Extensions

Also before the Court was Plaintiff's counsel's letter asking for a continuance of the trial date, Doc. 18, and a Motion for an Extension of Time for the plaintiff to identify expert witnesses pursuant to the Court's Scheduling Order, Doc. 19.

Plaintiff is still undergoing treatment, which is not expected to be completed until the summer.  Doc. 18 at 1.  Plaintiff is also still experiencing pain, and currently taking medications that render her unable to meaningfully participate in a deposition at this time.  Id. at 2.  Pursuant to Local Rule of Civil Procedure 7(G), continuances should be granted only for good cause shown. Defendants did not object to a continuance.

While the Court does not grant continuances merely on the agreement of the parties, for good cause shown, the Court **GRANTED** the continuance, and rescheduled the trial date for October 19, 2015.  Having granted the continuance, the Court likewise **GRANTED** the motion to extend discovery deadlines.[4]

---

[3] Plaintiff also attempted to argue that Defendant Louisiana waived its sovereign immunity by being the party that removed this action to federal court.  Doc. 14 at 9.  By removing this case to federal court, Defendant Louisiana simply consents to have the federal court adjudicate its sovereign immunity defense.  Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005).  It has not affected a waiver of its sovereign immunity defense as to liability.  Id. Thus, the Court did not need to reach the sovereign immunity issue for purposes of this motion.  Additionally, Plaintiff asked for attorney's fees and costs in bringing the Motion to Remand.  Because the Court denied the Motion to Remand, this issue was rendered moot.

[4] Plaintiff originally requested a jury trial.  The parties agree that because the Court is proceeding in admiralty, a jury trial is no longer appropriate.  Gaines v. Ampro Fisheries, Inc., 936 F. Supp. 347, 348–49 (E.D. Va. 1993).  The Court will enter a new Scheduling Order reflecting the new trial date, new discovery dates, and that this case will be proceeding to a bench trial.

## IV. CONCLUSION

For the reasons stated herein, the Court the Court **DENIED** the Motion to Remand and **GRANTED** the Motion for Extension of Time.

The Clerk is **REQUESTED** to deliver electronically a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/

Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: January 20, 2015

−11−