IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

VICTORIA G. RABENSTINE,

    Plaintiff,

v.                                          Civil Action No. 4:14cv78

NATIONAL ASSOCIATION OF STATE
BOATING LAW ADMINISTRATORS, INC., et al.,

    Defendants.

## OPINION & ORDER

This matter is before the Court pursuant to Defendant James Hagan's ("Defendant" or "Hagan") Motion for Summary Judgment as to Defendant James Hagan ("Motion"). Doc. 24. For the reasons set forth herein, the Court **GRANTS** Defendant's Motion and dismisses Defendant Hagan from this matter **WITH PREJUDICE.**

### I. BACKGROUND

**A. Factual Allegations**

This is a personal injury action arising out of a boating accident brought "under the general maritime and tort laws of the United States as well as any other applicable law of the Commonwealth of Virginia." Compl. ¶ 1. Defendants removed the action to the United States District Court for the Eastern District of Virginia on June 27, 2014, and the Court's admiralty jurisdiction has been invoked. Doc. 1. Plaintiff Victoria Rabenstine ("Plaintiff" or "Rabenstine") is a resident of Virginia. Compl. ¶ 2. There are three Defendants in this action: Defendant National Association of State Boating Law Administrators, Inc. ("NASBLA"); Defendant Hagan, a foreign citizen; and Defendant State of Louisiana, through the Department of Wildlife & Fisheries ("Louisiana"). Id. ¶¶ 3–4. Rabenstine was a student in a "Tactical

Operator's Course" in which Defendant Hagan was an instructor. Id. ¶¶ 6–8. Defendant Hagan is alleged to be an agent or servant of Defendants NASBLA and Louisiana. Id. ¶ 8.

Rabenstine was injured in a boating accident on May 21, 2012, which she alleges was caused by Defendants' negligence. Id. ¶ 9. The accident occurred on the James River near Craney Island, which is purported to be navigable water, when a student in the Tactical Operator's Course performed a ninety degree starboard turn called a "Gate Drill." Id. During this drill, the vessel suddenly shifted to the port side and threw Plaintiff about the deck of the vessel, causing injury. Id. ¶¶ 7, 9. Rabenstine alleges that at the time of the accident the vessel was under Defendant Hagan's care and control and that he was negligent in his instruction of the student operator. Doc. 29 at 2. It is not disputed that Hagan was acting within the scope of his employment with the Louisiana at the time of the accident. Id. at 6.

### B. Procedural History

Defendant filed the present Motion on May 8, 2015 contending that he is immune from suit under the doctrine of qualified immunity. Doc. 25. Plaintiff argues in her response[1] that Defendant enjoys no qualified immunity in the Commonwealth of Virginia because any immunity he might be entitled to in Louisiana does not extend to the Commonwealth. Doc. 29 at 1. She also reasserts the argument rejected by this Court in a previous opinion that the State of Louisiana waived its sovereign immunity when it removed the action to federal court. Id. at 3;

---

[1] Prior to filing her response to Defendant's Motion, Plaintiff filed a Motion for Extension of Time to File a Response to the Motion for Summary Judgment of James Hagan, Doc. 26, but submitted her response to the Motion within fifteen minutes of filing the first Motion for Extension of Time. Doc. 27. Accordingly, that Motion was considered moot. On May 29, 2015, however, after the Motion for Summary Judgment was fully briefed, Plaintiff submitted a renewed Motion for Extension of Time, Doc. 35, on the same grounds as the first, namely, that the responsive deadline should be extended until after additional discovery has been completed.
 The Supreme Court of the United States has clearly stated that, on summary judgment, until the threshold legal questions underlying qualified immunity are resolved, "discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Michell v. Forsyth, 472 U.S. 511, 526 (1985). Plaintiff has not alleged such a violation here; accordingly, this Court is **DENYING** the Motions, Docs. 26, 35.

see Doc. 21 at 10, n.3.[2] Lastly, Plaintiff contends that Defendant was performing a ministerial and not discretionary function at the time of the accident. Doc. 29 at 7. Defendants Hagan and Louisianan replied to Plaintiff's arguments on May 22 and May 23, 2015 respectively.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex, 477 U.S. at 322–24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure by the nonmoving party to rebut the motion with such evidence on its behalf will result in summary judgment when appropriate.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. A mere scintilla of evidence is insufficient to withstand a motion for summary judgment. Rather,

---

[2] "Plaintiff also attempted to argue that Defendant Louisiana waived its sovereign immunity by being the party that removed this action to federal court. Doc. 14 at 9. By removing this case to federal court, Defendant Louisiana simply consents to have the federal court adjudicate its sovereign immunity defense. Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005). It has not affected a waiver of its sovereign immunity defense as to liability. Id." Further, Plaintiff in this matter has confused the doctrine of "sovereign immunity" with that of "qualified immunity," the matter currently before this Court. These doctrines are distinct, and the Court will only address the matter currently before it.

the evidence must be such that the fact-finder reasonably could find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Although the Court must draw all justifiable inferences in favor of the nonmoving party, in order to successfully defeat a motion for summary judgment a nonmoving party cannot rely on "mere belief or conjecture, or the allegations and denials contained in his pleadings." Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995) (citing Celotex, 477 U.S. at 324).

**B. Qualified Immunity**

Qualified immunity is immunity from civil liability enjoyed by government officials performing discretionary functions provided their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wheeler v. Gilmore, 998 F. Supp. 666, 669 (E.D. Va. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted). In determining whether a state official is entitled to qualified immunity, this Court must make a two-fold determination. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). Firstly, the Court must determine whether a "defendant's conduct violated a constitutional right of the plaintiff." Id. at 119. The case will only proceed to the second level of analysis if the Court finds that Defendant acted illegally by violating either Plaintiff's constitutional or statutory right. Id.; see also Harlow, 457 U.S. at 818. If so, it must then be determined "whether the law governing the violation was clearly established at the time of the incident, and whether a reasonable person in the defendant's position should have known that his conduct was illegal. Both are issues of law for the court." Id. (internal citations omitted).

### III. ANALYSIS

**A. Official Capacity**

Before determining whether a qualified immunity analysis is warranted, Defendant

4

Hagan's "official status" must be established. See Leverette v. Bell, 247 F.3d 160, 164 (4th Cir. 2001). The parties do not dispute that at the time of the accident Defendant Hagan "was acting within his scope as an employee of the State of Louisiana Department of Wildlife and Fisheries." Doc. 29 at 6. At the time of the accident, Hagan was acting as an "assistant instructor" in the Tactical Operator's Course attended by Plaintiff, and did so at the instruction of his supervisors. Doc. 30 at 2. Accordingly, Defendant Hagan was acting in his official capacity as an employee of the State of Louisiana when the incident occurred, and he is eligible for qualified immunity under federal law, which "specifically protects public officials from the specter of damages liability for judgment calls made in a legally uncertain environment." Ryder v. United States, 515 U.S. 177, 185 (1995) (citing Harlow, 457 U.S. at 806) (emphasis added).

**B. Discretionary Functions**

In her Complaint, Plaintiff's only allegation against Hagan is that he acted negligently during various stages of a training exercise. Compl. ¶ 9, 11. The Supreme Court has stated, "[a] law that fails to specify the precise action that the official must take in each instance creates only discretionary authority; and that authority remains discretionary however egregiously it is abused." Davis v. Scherer, 468 U.S. 183, 196 n. 14 (1984). The Fourth Circuit has expounded "that without the ability to exercise some element of judgment in the execution of law, neither federal, state, nor local government could function." McMellon v. United States, 387 F.3d 329, 350 (4th Cir. 2004). In fact, this Court asserted that "there are few, if any, acts performed by officials which are not discretionary." Williamson v. City of Virginia Beach, 786 F. Supp. 1238, 1260 (E.D. Va. 1992).

Plaintiff has failed to cite either a case which implies training is a ministerial function or statue purporting to set forth the precise actions Defendant Hagan was required to execute during the training exercise. By its very nature, the act of training requires a high level of discretion on

5

the part of an instructor who must both determine the individual level of skill possessed by each student and tailor his or her instruction in order to maximize the skills and education benefits to each. Accordingly, this Court **FINDS** that Defendant Hagan was engaged in a discretionary and not ministerial function at the time of the accident.

### C. Rights Violation

Plaintiff has not alleged which, if any, constitutional or statutory right Defendant has violated in the present action. Again, the only claim against Hagan is that he acted negligently during various stages of a training exercise. The Supreme Court has stated that qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). According to the United States District Court for the Southern District of Florida, there "are surprisingly few cases addressing qualified immunity for non-constitutional maritime torts." Sol v. City of Miami, 776 F. Supp. 2d 1375, 1380 (S.D. Fla. 2011). The United States Court of Appeals for the Eleventh Circuit has held that state officials are entitled to qualified immunity for non-constitutional maritime torts brought pursuant to its admiralty jurisdiction, Harrell v. United States, 875 F.2d 828, 831 (11th Cir. 1989), while the Fifth and Sixth Circuits have extended qualified immunity to government employees for actions taken during training exercises. See Carty v. Rodriguez, 470 F. App'x 234, 239–40 (5th Cir. 2012); Humes v. Gilless, 108 F. App'x 266, 269 (6th Cir. 2004).

The Fourth Circuit has clarified, albeit in the context of Eight Amendment claims, that "negligence or good faith error" on the part of public officials "will not establish a constitutional claim" for purposes of qualified immunity. Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). In Sol, the district court was faced with the question of whether a police officer alleged to have negligently operated a Miami police boat under federal maritime law was entitled to qualified immunity for ordinary negligence claims. 776 F. Supp. 2d at 1382. The court held that

the officer's alleged violations of federal maritime law did not "eliminate his immunity from suit in an ordinary negligence case," and dismissed the claims against him. Id.

In the present matter, Plaintiff has only alleged ordinary negligence claims against Defendant Hagan, and such claims do not establish a constitutional or statutory right for purposes of a qualified immunity analysis. Plaintiff has conceded that Defendant Hagan was operating in his official capacity at the time of the accident, and this Court has determined Defendant was performing a discretionary and not ministerial function at that time. Plaintiff has not shown that "defendant's conduct violated a constitutional right of the plaintiff," Pittman, 87 F.3d at 119, and as such, the Court is not required to proceed to the second prong of the qualified immunity analysis. See id.; Harlow, 457 U.S. at 818. There are no material facts in dispute, and Defendant Hagan is entitled to qualified immunity as a matter of law.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's Motion and dismisses Defendant Hagan from this matter **WITH PREJUDICE**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 1st, 2015